Judge Joe Flatt, Judge Pryor and I are very happy to welcome you here. We were just talking in the conference room behind us that this is our first panel sitting, the first for us. We're glad to be in regular business again. Valerie asked me a question before we started about masks in the courtroom. And so we're following the same guidance for the courtroom that we are for the building. If you are fully vaccinated, you do not need to wear a mask. If you feel more comfortable wearing a mask, you are free to wear a mask. And so the only individuals that we're requiring to wear one are people who are not fully vaccinated. So that's the general guidance. Okay, if you have any questions, you can ask Valerie at the end, but that's the way that we're going to proceed. We're back to our regular lighting system. So you know what that means. When the yellow light goes on, that means that your time is drawing to a close. So begin to wrap up. If we take you beyond the time, then you're on our time and not yours. So don't worry. Just keep going as long as we keep talking to you. And with that, we're ready to begin with our first case. And that is number 18-13890, United Good morning. Jonathan Dotson representing Elbert Williams. And may it please the Court, I intend to begin today with the waiver issue, then touch on the government's acquiescence argument before getting into the merits of the FARETA question. When I was a trial level public defender in Palm Beach County, I spent a lot more time than I really would have liked to trying to talk my clients, some of my clients, out of going to dead loser trials. And I could be very persistent. I would take every angle that I could think of. I would visit them in jail as often as necessary. I might enlist a colleague to talk to them if I thought they would be more open to that, or even a family member if they'd authorized me to talk to that family member to try and persuade them to do what I felt was in their best interest. The only reason that that wasn't unduly coercive was because those clients had acquiesced in my being their lawyer, in my being the person whose job it was to give that kind of advice, sometimes strongly worded advice. When instead, the person who's doing the advising is a court appointed lawyer that the defendant tried to fire and was wrongfully denied the opportunity to fire and represent himself, then that coercion becomes undue. Then that raises very serious questions about the voluntariness of the guilty plea. So as a general rule, I would suggest that FREDA claims should survive guilty pleas, at least where it's the same lawyer that the defendant tried to fire and where the defendant hasn't affirmatively disclaimed the FREDA issue and where the defendant isn't pleading guilty over the advice of counsel. Well, are you, Mr. Dodson, asking for a bright line rule or one that allows for the possibility of having a FREDA claim not barred by a subsequent guilty plea? I think that there are exceptions. For example, if a defendant did affirmatively say, I no longer want to fire my lawyer, or if the defendant got another lawyer in the meantime, or as in Stano, the defendant did plead guilty over the advice of counsel. But generally, beyond that, for the same reasons that it's a structural error, I don't know that there's so many intangibles involved in a lawyer's relationship with their client and the advice. I don't know how the court could get into it in much more detail. I'm not sure that would be helpful. But you linked your argument to the concept of voluntariness. Correct. Right. And so I guess my question is whether or not you think that a guilty plea following the wrongful denial of a FREDA assertion, right, automatically makes a guilty plea involuntary. In most cases, I think it does. I think it's different than raising a Rule 11 claim. I think, colloquially, in isolation, there was really nothing wrong with that. But because I think that, you know, of course, the purpose of Rule 11 isn't just to insulate this kind of issue from appeal. Because I think that the advice of counsel weighs much more heavily in most defendants' minds than the, to borrow a phrase from the cases, pro forma answers to pro forma questions that usually happens in a Rule 11 colloquy. I don't think that could cure the FREDA problem. Does your argument depend on the validity of the FREDA claim? For example, as in Hernandez, the court found that the FREDA claim was meritorious. And it seems to me that was an important part of the reasoning. Do you agree? I agree. And I think that, you know, if the FREDA claim is invalid, then the court wouldn't have to get into the waiver issue. Maybe it's one of those situations where it could resolve it on either ground, the voluntariness of the guilty plea or the FREDA claim. But yes, I think if it's a, if it's not a good FREDA claim, then there's, then it could just deny on the merits without considering waiver. Or it could, but if it considered waiver first, then I guess I do think that it wouldn't, it wouldn't depend on the merit. In other words, if, depending on the order in which the court considers those issues, if it considers waiver first, then yes, it doesn't depend, then no, it doesn't depend on the merits of that claim. Let me, let me ask you one analogy and see what you think about it. So assume that a defendant goes to trial on a felony charge. The trial judge incorrectly and unconstitutionally without going through the press enterprise standards closes the courtroom to everybody. It's just a sealed courtroom, no public allowed, and the judge doesn't make any findings at all about whether or not a closure is warranted or even permitted. Four days into that trial with not a member of the public available over defense objection, the defendant enters a guilty plea. The closure of a courtroom is generally seen to be a structural error if it's asserted timely and preserved because it's impossible to figure out what the effect on the trial would have been. What happens in that sort of a situation where you had a potential structural claim, but then there is a subsequent guilty plea? Can you raise the closure of the courtroom subsequent to a guilty plea? Or does that, is that analogy too far removed from what we have here? Right. I, I don't think that this court would have to go so far as to say that all structural, structural error claims survive a guilty plea. Of course, Tollett involved grand jury discrimination, also a structural error claim. I think the difference between most any kind of claim, structural or not, and Ferretta claims and maybe choice of counsel claims is that, is that it has to do with the relationship of the defendant to counsel. Counsel is mediating this decision, advising this decision whether to plea guilty or not, and that infects the entire decision-making process itself. It's not just a factor. Tollett talked about grand jury discrimination. Basically, it's just a factor in the cost-benefit analysis that a defendant does, makes when he's making that decision. And so if the lawyer isn't ineffective, then it doesn't survive that. But this kind of claim goes to that decision-making process itself, makes it different than almost every other type of claim. Mr. Dodson, when the judge took the guilty plea, did he explain to the defendant that he was waiving his right of self-representation? I don't recall that he specifically addressed that. You should recall, yes or no. I don't believe so, Your Honor. I'm throwing you a softball. If I were the district judge, I would have talked to him about his claim that he's entitled to represent himself. Right. And along with the right to a trial by jury and all the other things that you waive, you waive that right also. Right. The peak call of the quid doesn't go that far, does it? It did not in this case, Your Honor. And if it had to have... How far do you think it went in terms of waiver? I think that it waived all the normal... We're not talking about a forfeited right, you understand?  You're familiar with Johnson v. Zerps? Yes. Yeah. Was there a Johnson v. Zerps waiver here? There was not a waiver of a known right because in between that... Well, everybody knows what the right was. The right was self-representation. Correct. I don't know that the defendant was reminded of that between the time of the Feretta hearing and his guilty plea over a year later. So I don't know that it was fresh in his memory. And it's not surprising that he didn't renew getting into the acquiescence argument when... And I'm not suggesting the district court was punishing him, but when the last time he tried to fire his lawyer, the district court ordered an in-custody competence evaluation and he had been out of custody. So there were consequences to him and the judge had expressed exasperation. If we say that the guilty plea waived it as a matter of law, then how did we distinguish the right of self-representation from other rights that are waived as to which the court advises the defendant? If you say that it's waived... If you say that the guilty plea waives the right of self-representation, then we have to distinguish between that right and the right, say, to go to trial before a jury, which the court is telling him he waives. Right. Well... By pleading guilty. By pleading guilty, part of this is supervisory power and part of it, in my view, is constitutional requirements. Right. When judges take a guilty plea and advise defendants of all sorts of things, one can make an argument that some of those things wouldn't, if he didn't mention them, wouldn't vitiate the plea constitutionally, render it involuntary. You follow me? Yes. Yes. Okay. Right. But judges advise them of all those things anyway. Correct. We don't draw a line between which ones are required constitutionally versus which ones aren't. Right. That's why I asked the question, where do we put this particular right and what kind of category do we put it? I think it's a category where the judge should only proactively advise the defendant of that right if it has been previously raised prior to the guilty plea. I think in that event, it would be incumbent on the district court to ensure during the hearing that this defendant no longer wishes to fire their lawyer and proceed pro se. As to the acquiescence argument, I thought of a policy argument this morning that I think is better than anything else I could say, which is, imagine if a defendant was required to continuously renew this kind of request in district courts. It would wreak havoc. It would impair further the relationship between defendants and lawyers and district courts are already walking a tightrope with this kind of issue because it's structural error if they get it wrong either way. It's very different than the CASCA where a defendant acquiesced into standby counsel's participation after that right was granted. So I don't believe that that argument carries water. Do you want to save your time for rebuttal or you want to eat into it now? Oh, I'm sorry. Yes, I'll save my time for rebuttal. That's okay. You've got your full five minutes for rebuttal. Thank you. Thank you. How do I pronounce your last name? Shiber? Shiber. Shiber. Okay. Thank you for asking. That's why I asked. So Ms. Shiber, whenever you're ready. Thank you, Your Honor. May it please the Court, by entering into a guilty plea, Albert Williams waived the right to raise a challenge to the district court's denial of his request to represent himself at trial. Mr. Williams' case falls squarely within the general rule that one who pleads guilty may not thereafter raise claims of constitutional deprivations that occurred prior to the guilty plea. But there are a fair number of exceptions to that general rule, right? So for example, if you're denied counsel, that's guaranteed by Gideon v. Wainwright and its progeny, and you plead guilty, that guilty plea is set aside. No questions asked, right? You're charged with a felony, and under Gideon v. Wainwright, in that line of cases, you're entitled to a lawyer if you can't afford one, right? The government says, we don't have any money right now to pay a lawyer, so you got to go without a lawyer. Yes. And at some point, the defendant, despite demanding a lawyer, pleads guilty. Yes. Appeals. Appeals. That guilty plea is set aside, right? It's automatic. Okay. Right? Okay. I don't want an okay, because if you think I'm wrong, then that throws my line of thinking completely out of out. So it seems to me that that sort of claim is the sort of claim that is not waived by a guilty plea, right? How about a similar thing with counsel, not a self-representation thing, but a lawyer is denied the opportunity to represent a client, and the client says, I want lawyer A, I have the funds to pay lawyer A, and the district court judge or the trial judge erroneously denies that defendant the right to have that lawyer represent him or her. The defendant gets an appointed lawyer, goes to trial, gets convicted, or to bring it back to here, pleads guilty with the appointed lawyer. The language is that if it's properly raised, then in those cases, it is immediate reversal, right? I mean, that's . . . Right. If it's properly raised. So . . . Yeah. I don't believe, you know, that just . . . I mean, if you go to trial, you're not represented by counsel, even though Gideon provides you with an attorney, you appeal, and you raise it, automatic reversal. But even if he pleads guilty, it's automatic reversal. The defendant keeps saying, I need a lawyer, I want a lawyer, I cannot defend this money laundering charge by myself, I'm not learned in the law, I need a lawyer, I don't have the funds for a lawyer, give me a lawyer. And the judge says, sorry, no funds, can't give you a lawyer, you're going to have to go solo on this one. And at some point, the defendant pleads guilty. Can you raise a Gideon claim post guilty plea? I've spent, you know, days looking at this, I haven't found a case in which the court has said that you can raise a structural . . . let me put this a different way. I haven't found a case that said that, okay? Tell me why, in that scenario, that claim should be gone, and should not . . . cannot be asserted, how that makes any sense. Well, maybe the better answer is why is this one different? No, no, let's start with the one that's easier for me. And I grant you that this one is harder, but let's start with that one. Okay. If you think, or if anyone thinks, that that sort of a claim is barred by a guilty plea, the incentive is to deny individuals who might be entitled to counsel the right to counsel, and then sort of lead them down the primrose path to a guilty plea, knowing that they're never going to be able to complain about the denial of right to counsel. And the right to counsel may be really important, because how do we know if the defendant's guilty plea is voluntary or not if he's had no advice about what's in his best interest or her best interest? Yeah, is that . . . yeah, is that Boykin? I mean, all right, I'll accept that premise. Okay. And so tell me then why you think this is different. So one of the things that the cases talk about is that while . . . that the . . . so self-representation is not guaranteed in the same way that the right to counsel is. No, no, stop. Why is it not? They're both . . . the Supreme Court has recognized both of them on constitutional footing. Constitutional footing, I agree. Okay. Guaranteed? Guaranteed? No. That's what the Feretta Inquiry is, right? I mean, it's . . . we stop there. We never say, oh, no, you're not entitled to counsel. But we'll say sometimes to a defendant, no, you're not entitled to represent yourself. Counsel, let me . . . there'll be an interrupt here. Suggest that this situation presents two discrete claims or kinds of claims. The first is there's a Feretta hearing. If the court makes a ruling at the conclusion of the Feretta hearing, that error is cognizable on appeal. Do you agree? As a general proposition. If it's raised. Yeah. Properly. Well, because the court has ruled, denied the Feretta claim. Right. Then you have the second kind of case in which the court doesn't rule, but there's an argument about self-representation, and you have a guilty plea. And then the question becomes whether or not it's involuntary. They're two different things. One is the denial of self-representation as an order, you follow me? And the other is an involuntary plea. So what do we have here? We don't necessarily have . . . we don't have an involuntary plea. Is there the argument that the plea is involuntary here because there was no knowing waiver? No. It is not. What is it then? Well, I mean . . . The criminal rules make provision, for example, for a guilty plea to be entered and you preserve the right to raise a Fourth Amendment suppression of the hearing claim. Okay? All right. There's nothing in the rules, for example . . . I'm just exploring this. Nothing in the rules that allows somebody to plead guilty and raise the Feretta claim. There's nothing in the rules. Right. Okay. So the question is whether you can raise it anyway. But we don't . . . as I understand it, we don't have an explicit denial of the right of self-representation at the conclusion of a Feretta hearing, do we? This one? Yes. The one here? So he never says denied. That is correct. Well . . . He treats it as denied for the moment and then leaves it . . . The court treated it as if he denied it. He did treat it as if he denied it. Absolutely. But there was no order entered touching all the bases in Feretta, do you agree? No. That's correct. Okay. Although he definitely walked through Feretta in the hearing. So the question is, is he arguing his plea was involuntary? If that's the argument, then the question for me is, what sort of rights does a district judge have to advise a defendant of in taking a guilty plea, which would render the . . . if he doesn't advise him of the rights, renders the plea involuntary? So we know . . . Do you follow me? Yes. All right. Which is it we have here? So we know under Rule 11, there are certain rights you have to read them, right? So and you . . . By rule. By rule. By rule. That's right. I'm talking about the Constitution now, not by rule. But to be fair, the rule incorporates certain cases that have said that. I realize the rule does incorporate cases, but . . . Right. Yeah. So we know by rule certain things, but we also know that the cases say that a judge doesn't have to walk him through everything that he's giving up. There's this sort of general recognition that you're giving up certain things. He didn't advise him in this case, in Johnson versus Zerps terms . . . No. . . . of the right to represent himself. Okay. But we know he knew about it, and that's . . . So your argument is you don't have to. You don't have to. No. At all. Right. The defendant could be saying before the guilty plea, I want to represent myself, then turns around and pleads guilty. Your argument is he waives the right of self-representation. Yes. Without the court saying anything about it. Yes. All right. Yes. And there are cases that . . . I understand that. Right. But there are cases that say that you can waive even unknown constitutional deprivations with a guilty plea. I understand that. But there's not a case right on point, is there? No, sir. And not that I've found. So . . . I mean, those are kind of buzzwords. It is an observation that when you plead guilty, you waive, by operation of law, lots of rights. Yes. Yes. But that's a principle of the law, but the question becomes whether or not the plea is rendered involuntary because certain rights weren't advised. Yes. I mean, to be fair . . . Isn't that what he's arguing? That's the question here. Is he arguing here that the plea was involuntary? No. No. In fact, he's . . . I believe Mr. Dodson said today that it walked through the rule, it meets the knowing involuntary requirements. Then why would you be arguing waiver even? Well, in terms . . . Why would you argue waiver if there's no claim that the plea was involuntary? Well, waiver in terms of it's one of the many things he gave up, the general principle  No. No. Usually, the plea . . . I mean, that's what he asked us to do. Usually, the argument is the plea is involuntary because I didn't waive. Okay. Do you understand? I know what you're saying, yes. Let's suppose that the argument is that the plea is not involuntary, then what difference does the issue of waiver make? And so, in my brief . . . Are you with me on the same page? I'm not sure. So, in my brief . . . But, yeah. There is no claim on appeal in the case that the plea was involuntary. None. Correct. Then, it wouldn't matter whether he waived rights or not, would it? If it's voluntary? If there's no argument that the plea is involuntary, which means no argument that I voluntarily waived all my rights, do you understand me? Yes. When the defendant says I made a voluntary plea, he necessarily agrees that he waived his rights to stand trial. I agree. All right. Then, it wouldn't matter whether the government argued it was a waiver or not, would it? If it's voluntary? Yes. If it's a voluntary plea. That's right. All right. I agree. We raised really two waiver arguments, but one is probably better recognized as acquiescence or abandonment. So, the first is that he entered into a knowing and voluntary plea, and having done so, he waived the right to raise a known constitutional error. Having waived that right, this court need not inquire further into whether or not that knowledge, in terms of whether he knew and fully understood that he was giving up the right to self-representation or to appeal, that right to self-representation. He waived the right to raise that. Your second argument is that he didn't sufficiently assert the right? Yes. What's a pro se litigant supposed to do after he asks and the district judge runs him through a FERRETA inquiry and doesn't definitively say, your FERRETA request is denied, although he treats it as denied? Mr. Dotson made a reference to a policy argument about not having continually reassert your right, and in fact, there's case law in the circuit that says exactly that. But the case law also says that if it's not, I mean, those cases rely on the district court having said definitively, no, you're not going to represent yourself. I know, but we're dealing with a, at the time he's making the FERRETA request, he's dealing essentially as a pro se litigant who wants to represent himself. You're going to put the onus on that person to keep telling the district court, you know, Eleventh Circuit case law says you haven't definitively ruled, so I need to reassert my right in order to preserve it, so I'm going to do that this way? Your Honor, he, the court, you know, left it open for him. He said as much. You know, if he, if you revisit that, if he revisits that. But add to that that, you know, the nature of this particular defendant, I mean, Mr. Williams had demonstrated repeatedly his ability to renew his arguments, his ability to raise his points with the court, his willingness to review issues that had not, that had already, you know, the judge had already told him he had intended to rule on. The, in this particular case, a review of the facts would support that he, Mr. Dotson, in that argument, and the district court gave him the opportunity to do it. But it's the government's position that the court never needs to get to that, that, you know, a structural error is still a constitutional error, and this, the Supreme Court has definitively held. Even one that goes to the decision making process, like the denial of a right to counsel under Gideon? So I'm asking you the same question I asked Mr. Dotson in reverse. You want a bright line rule. Yes. That a guilty plea waives every single structural claim under the sun. No. Self-representation. And it's different. No, no, no. I thought, I thought you just told me that the same rule applies for a Gideon claim. Well, for this claim, it's self-representation. I know. Self-representation is different. We don't only have to decide the case. We have to write an opinion that provides boundaries and guidance for future cases. And so, it's not just about what result we reach in this case, but how we write the opinion, and that's what I'm asking you for, is a little bit of help with regards to the extent of the rule that you would like the court to adopt. And so, how broad or how narrow is the rule of waiver that you are asking for? For this case, it need be no wider than that. A defendant who enters into a guilty plea after having asked and been denied the right for representation has waived that, the right to raise that claim on appeal, despite the fact that courts have considered it a structural error. But again, you can limit that because structural error is a different kind of, self-representation is a little different from those other structural errors in terms of the kind, a court can, a district court has the power to look and see, are you capable of representing yourself? Are you going to disrupt my courtroom? Are you going to follow the rules? And so, that right is a little more limited than any other, the other structural errors. And I think you could limit your ruling accordingly. Is there an argument here that the rule was taken, the plea was taken in violation of Rule 11? No. Is there an argument that the plea is involuntary? No. Then how do we reach the question of self-representation? You don't need to. No, no, it's not whether we need to or not. How do we reach it? Well. Do we reach it with plain error? Oh. We have to reach the question. Do you agree with me? Yes. If there's no argument that the plea is in violation of the rule, and there's no argument that the plea under Johnson v. Zerps is involuntary, then the question becomes how we reach the question of self-representation. Do you agree that that's how we, we have to. Right. That's the question. Then the question becomes, is there plain error? So. No. In a case like this, is there plain error under the involuntariness issue? I don't think you ever look at. Is it possible that it could be plain error? So if, as a structural error? No. Can you understand the question? I don't. I'm sorry. Somebody does not raise on having pled guilty an error in the Rule 11 colloquy. No claim of an involuntary plea, meaning I've waived all of my rights. Do you understand me? Yes. To go to trial, to have my adversary present witnesses, et cetera. You follow me? Yes. Okay. So that having been done, the only way you can reach an alleged constitutional violation that occurred before that would be plain error. Is that right? So. Do you agree with that? So normally, yes. If you don't claim. If you haven't raised an error. Listen to me very carefully. Okay. If you don't claim that the plea is involuntary under the rules, excuse me, in noncompliance, and you don't claim that it's involuntary under SRPS, then do you agree the only other way to reach it would be with plain error doctrine? Yes. So we'd have to find a case, I suppose, which says that district judges commit error if they don't inquire that he had a right to self-representation or the argument. Something like that. Yes. I don't know that you'd find that case. And there's not a case that says that. I don't know. But there are cases that discuss whether that third prong of plain error when the constitutional error is structural is met. So there's that issue. But. The right to go to trial is a structural error, do you agree with me? Oh, yes. Okay. So. Would it be plain error if a judge took a guilty plea and didn't advise him his right to go to trial? Yes. It would? Yes. I believe it would. I think that's. Yes. So the question is whether or not it's plain error to go to trial and didn't advise him of his right to pursue self-representation. Yes. But I would suggest that it is not plain error. Okay, Ms. Schieber, thank you very much. Mr. Dotson, you've got your five minutes left. I had four points I'd like to make if I can get to them. First, I want to push back a little bit on the idea that there wasn't a firm ruling on the Feretta issue. Mr. Dotson, let's suppose you don't claim a Rule 11 violation and you haven't claimed a violation of the pleas involuntary under Johnson v. Zerps. Then the question is how do we reach the question of whether the court somehow erred in not dealing with the self-representation matter? How do we reach it other than plain error? Because of the way that this structural error affects. Forget structural error. Well, let's suppose that he didn't tell him he had a right to go to trial at all. The judge takes a guilty plea, never says a word about the defendant waiving his right to go to trial, okay? Didn't at all. Okay. Is that plain error? Yes, I would say that. I mean, if he did not allege on appeal that the plea was involuntary for that reason, are you with me? Yes, I am. And there wasn't a violation of the rule. The only way we would reach it would be plain error, wouldn't it? I believe so. Okay. So the question is whether or not there's, do you agree that the question here is whether there's plain error because the judge didn't talk to him about self-representation when he took his guilty plea? I think that's one part of the question, yes. What's the other part? Well, I think that the way that the Feretta claim and the voluntariness of the plea interact. Well, let's suppose, let's suppose that there was no Feretta definitive ruling such that we could review it. I would still say that the- Let's put it this way. If he had gone to trial, could he raise the Feretta argument? If he'd gone to trial with- If he'd gone to trial and he lost, now he's on appeal, could he appeal as a ground for reversal that he was denied the right of self-representation? Yes. Because of what? Because the judge didn't conduct a proper Feretta hearing? Correct. Okay. And the judge got it wrong. Or wrongfully denied. Conducted the hearing correctly, but wrongfully denied the Feretta hearing. With reverse. Either one of those grounds. I would say here that because of the way that Feretta affects, goes to that decision-making process, that these issues overlap. The voluntariness of the guilty plea and the Feretta issue. And Feretta being structural error, I think that would also be structural error in terms of- Well, there's lots of structural errors. Would you agree that the right to go to trial is a structural error? Yes. The right to call adversary witnesses. Right. But not all of those rights go to the decision-making process. The right to counsel, as Judge Jordan has been talking about. Correct. The Fifth Amendment right. Right. The due process right to a lawyer. Right. You know. So I would, the genre of errors that go to the decision-making process is what I'm trying to distinguish from a lot of the other structural errors and other errors that come up. And in that case, I think the fact that it's- What's your best case that Feretta falls in that category? Correct. That Feretta falls in the same category as the right to go to trial or the right to have the government present adversary witnesses. Your right to cross-examine and all those things. And the right to call witnesses. And the right to testify. The category I'm suggesting is Feretta, Gideon, and choice of counsel. Those three structural errors go to that decision-making process in a way that others don't. And that renders the plea involuntary. That renders the plea involuntary. Okay. And we decide that on plain error, don't we? Because you didn't- I think you decide on structural error. You didn't allege in this case, as I understand it, your brief doesn't say, this is an involuntary plea under Johnson's reserves. That's correct. Okay. But I think that the fact, I think that structural error supplants plain error in this case. Again, because the issues are- My problem is how do we reach it? To my understanding, structural error overrides the- I understand that. But how do we reach it when you don't allege it? An involuntary plea. The closest you've, I think, come in the brief, and you've been candid about what the brief says or doesn't say, but you rely in part on the Ninth Circuit cases. And those cases say that as a matter of their interpretation, the wrongful denial of a Feretta assertion renders a subsequent guilty plea involuntary. Correct. And I think it's inherent in the relief that we're asking for because, of course, we wouldn't reach the Feretta issue if we couldn't withdraw the guilty plea. And I see my time is run. All right. Thank you both very much. Thank you. Thank you. We're ready for our second case, which is number 19.